IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KUZNICKI,<br><br>                *Plaintiff*,<br><br>     v.<br><br>NATIONAL CHURCH RESIDENCES OF PENN HILLS, PA,<br><br>                *Defendant*. | Civil Action No. 2:23-cv-2143<br><br>Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

    Before the Court is Plaintiff Thomas Kuznicki's ("Kuznicki") *pro se* Motion for Dismissal of Eviction. (ECF No. 16). For the reasons discussed below, Kuznicki's motion will be denied, and his complaint (ECF No. 8) will be *sua sponte* dismissed with prejudice.

### A. FACTUAL AND PROCEDURAL BACKGROUND

    Kuznicki resides at 6560 Leechburg Road, Apt. 112, Verona, PA 15147 ("Property"), which is owned by Defendant National Church Residences of Penn Hills, PA ("NCR"). On March 23, 2022, NCR brought an eviction proceeding against Kuznicki under the Landlord Tenant Act of 1951, 68 P.S. §§ 250.101-250.602, before a magisterial district judge in Allegheny County, Commonwealth of Pennsylvania, at No. MJ-05206-LT-109-2022. A judgment for NCR was entered on April 5, 2022. Kuznicki appealed to the Court of Common Pleas of Allegheny County on April 7, 2022, where the case was docketed at LT-22-000366. At arbitration on June 9, 2022, the panel ruled in favor of Kuznicki. NCR filed an appeal on June 22, 2022. Trial occurred before Judge Patrick M. Connelly on January 18, 2023. Afterwards, Judge Connelly

held the matter in abeyance through the earlier of (a) July 18, 2023, or (b) NCR's reports of ongoing lease violations. Due to NCR's allegation that Kuznicki committed further lease violations, an evidentiary hearing commenced before Judge Connelly on March 22, 2023. On May 5, 2023, Judge Connelly issued a non-jury verdict in favor of NCR, awarding it the Property but no monetary damages. Judgment was entered on October 10, 2023. After unsuccessfully filing for reconsideration before Judge Connelly, Kuznicki's appeal to the Superior Court of Pennsylvania at No. 598 WDA 2023 was quashed. Then, his appeal at No. 1016 WDA 2023 was dismissed by the Superior Court of Pennsylvania on November 3, 2023. In the interim, on October 10, 2023, the Praecipe to Issue Writ of Possession was executed.[1]

Dissatisfied with what occurred in state court, on November 22, 2023, Kuznicki filed a Motion for Leave to Proceed *in forma pauperis* in this court that was docketed at 23-cv-02014. By Order dated November 30, 2023, the Court granted Kuznicki *in forma pauperis* status, but it dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Not only was the complaint vague, but it failed to present a federal question. Kuznicki was attempting to appeal what he believed to be an erroneous ruling and decision by Judge Connelly leading to the state court judgment at LT-22-000366 that authorized his eviction. The Court noted that it

---

[1] Pennsylvania state court filings are matters of public record and available at *https://ujsportal.pacourts.us*. This Court may take judicial notice of them. Fed. R. Evid. 201(b)(2). The Court may also take judicial notice of the existence of another court's opinion. *See S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Moreover, the Court is also allowed to take judicial notice of docket entries filed in separate litigation proceedings. *See, e.g., Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1200 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992) (taking judicial notice of docket entries in a related bankruptcy case). Here, the Court takes notice of the existence and authenticity of docket entries, orders and opinions publicly available in the case of *Nat'l Church Residences of Penn Hills, PAII vs. Thomas Kuznicki* in the Civil Division of the Court of Common Pleas of Allegheny County at Docket No. LT-22-000366.
*See https://dcr.alleghenycounty.us/Civil/View/PublicSearchByCaseNumber.aspx?CasID=LT-22-000366* (last accessed 01/10/2024).

lacked jurisdiction to review such judgments under the *Rooker-Feldman* doctrine. Furthermore, it specifically informed Kuznicki that:

> the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining Kuznicki's eviction. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Kuznicki's filings do not establish a plausible basis for concluding that any of those exceptions are met here.

(2:23-cv-02014, ECF No. 2, p. 4). On December 4, 2023, Kuznicki sought reconsideration arguing that Judge Connelly and NCR's attorney "ignored HUD Fair Housing law" and that the Court had jurisdiction under "Federal Law of HUD Fair Housing." (2:23-cv-02014, ECF No. 4, p. 1). By December 13, 2023, Order, the Court denied reconsideration. (2:23-cv-02014, ECF No. 5).

Dissatisfied with the Court's dismissal of his complaint at 23-cv-02014, Kuznicki filed a Motion for Leave to Proceed *in forma pauperis* at 23-cv-02143. The case was assigned to Chief United States District Judge Mark R. Hornak who denied Kuznicki leave to proceed *in forma pauperis* on December 28, 2023. (ECF No. 3). The case was stayed and administratively closed. On January 3, 2024, Kuznicki paid the requisite filing fee (ECF No. 7), and his complaint (ECF No. 8) was docketed. Kuznicki requests that the Court reinstate possession of the Property to him. According to Kuznicki, NCR refused to follow "HUD Fair Housing rules and regulations," and he takes issue with the lease violations dated 3/15/2023, 1/25/2023, 7/21/2022, and 8/2/2022. He also takes issue with NCR's attorney portraying and characterizing him as being psychotic during the state court proceedings. (ECF No. 8). On January 4, 2024, the stay was lifted and the case reopened. (ECF No. 9). On January 5, 2024, the case was transferred to this Court as it is unquestionably related to 23-cv-02014. (ECF No. 14).

On January 5, 2024, Kuznicki was served by the Allegheny County Sheriff with a Writ of Possession – i.e., notification that possession of the Property was set for January 19, 2024, at 10:30 AM. He then filed a Motion for Dismissal of Eviction (ECF No. 16) in this court arguing that his eviction is "in retaliation for filing Case # 2:23-CV-2143," that "Ishtar Crum, committed perjury in the writing of the Lease Violations and then committing perjury on the stand at the hearing on March 22, 2023 overseen by Judge Patrick Connelly," and claiming Attorney Justin Tuskan withheld the video of the Lease Violations dated 3/15/2023. (*Id.* at pp. 1-2).

B. ANALYSIS

1. **The motion will be denied.**

Whether Kuznicki's motion is considered one for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) or as a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), the Court applies the same legal standard. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). Rather, such relief "should be granted only in limited circumstances." *Kos Pharms.*, 369 F.3d at 708 (citation omitted). A moving party "must establish entitlement to relief by clear evidence." *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018). Specifically, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.

*Kos Pharms.*, 369 F.3d at 708; *see also Winter*, 555 U.S. at 20. The first two factors are "the most critical," and the moving party bears the burden of making the requisite showings. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017) (citations omitted). Once those "gateway factors" are met, a court should "consider[] the remaining two factors" and then

4

"determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Setting aside the issue of whether Kuznicki has properly effectuated service of his motion upon NCR, as the Court already informed him in 23-cv-02014, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the requested relief. The Anti-Injunction Act prohibits injunctions having the effect of staying proceedings in state courts "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute's three narrow exceptions that would allow the Court to grant equitable relief do not apply. The Anti-Injunction Act precludes the Court from enjoining a state court eviction proceeding. *See e.g., Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020); *see also McMillan v. Nationstar Mortg. Co.*, No. 20-cv-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases). And the Court's careful review of the docket at LT-22-000366 reveals that everything Kuznicki is attempting to re-litigate was given due consideration in his state court proceedings. Kuznicki had adequate state court remedies to challenge the judgment of eviction (including two appeals to the Pennsylvania Superior Court), and they were unsuccessful.

Because the Anti-Injunction Act prohibits the Court from granting Kuznicki the relief he requests,[2] the Court need not address whether he otherwise satisfies the requirements for an injunction terminating or vacating his pending state court eviction proceedings. Kuznicki's motion will be denied.

---

[2] Furthermore, a review of the allegations in Kuznicki's motion strongly suggests that the *Rooker-Feldman* doctrine bars not only the motion but his suit in its entirety. An eviction proceeding was instituted against Kuznicki at LT-22-0003666, which resulted in final judgment against him. Kuznicki wants this Court to review and invalidate the state court judgment resulting in his eviction. It can do no such thing.

5

2. **The complaint will be dismissed.**

The instant complaint is clearly repetitious of the case at 23-cv-02014. Repetitive litigation is evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Kennedy v. Getz*, 757 F. App'x 205, 207–08 (3d Cir. 2018) (per curiam). As the Court informed Kuznicki in 23-cv-02014, it has no authority to review state court decisions, like the judgment of eviction against him.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over actions in which the relief sought would effectively "reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). *See also Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) ("To ensure that Congress's intent to prevent the lower federal courts from sitting in direct review of the decisions of a state tribunal is given effect, the *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." (citation omitted)); *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) ("The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments."). Kuznicki cannot file a new action or request an injunction in federal court as a means of attacking the judgment entered in state court. As the Court already informed Kuznicki in 23-cv-02014, it cannot directly or indirectly review, negate, void or provide relief that would invalidate the judgment of eviction at LT-22-000366.

Furthermore, this case is barred by res judicata or claim preclusion. *See Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) ("[A] court may *sua sponte* dismiss an action on [the ground of res judicata] where the court is on notice that it previously decided the issue

6

presented." (citing *Arizona v. California*, 530 U.S. 392, 412 (2000))); *see also King v. East Lampeter Twp.*, 69 F. App'x 94, 96 (3d Cir. 2003) (affirming the district court's *sua sponte* dismissal of a *pro se* action based on res judicata). The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction, on the merits, "is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action." *In re Weisbrod & Hess Corp.*, 129 F.2d 114, 116 (3d Cir.1 942). As explained by the United States Court of Appeals for the Third Circuit, the federal law of res judicata or claim preclusion involves a three-pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006).

All three elements of res judicata exist here. The Court's order dismissing the complaint at 23-cv-02014 for failure to state a claim upon which relief can be granted constitutes a "final judgment on the merits" for the purposes of res judicata. *See, e.g., Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata. (citation omitted)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (giving res judicata effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the District Court dismissed "for failure to state a claim pursuant to

28 U.S.C. § 1915(e)(2) because the complaint was barred by res judicata"). Thus, the first prong is met. The second prong is also met as the parties in this suit are identical to those in 23-cv-02014.

Lastly, the third prong is met. The cause of action is the same. "In deciding whether two suits are based on the same 'cause of action,' [courts] take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). The mere fact that a plaintiff asserts a different theory of recovery or seeks different relief in the later action does not save a plaintiff's action from res judicata. *Id*. When deciding whether a case involves the same cause of action, the Court analyzes: (1) "whether the acts complained of and the demand for relief are the same"; (2) "whether the theory of recovery is the same"; (3) "whether the witnesses and documents necessary at trial are the same"; and (4) "whether the material facts alleged are the same." *Athlone*, 746 F.2d at 984. Here, the same underlying events in 23-cv-02014 give rise to Kuznicki's claims in this case. Kuznicki is of the opinion that the judge and persons involved in the state court eviction proceedings at LT-22-000366 violated his constitutional rights and committed some form of misconduct. His allegations stem from his frustration and disagreement with the judgment entered against him in state court that evicted him from the Property. After analyzing these factors and reviewing the complaint in this matter, the Court finds that the instant claims are based on the same cause of action as in 23-cv-02014. A mere difference in Kuznicki's theory of recovery is not dispositive.

For these reasons, Kuznicki's current suit is barred by the doctrine of res judicata and, as such, the complaint fails to state a claim upon which relief can be granted. It must be *sua sponte* dismissed. Amendment would be futile, and the dismissal will be with prejudice.

### C. Conclusion

For the reasons stated above, the Motion for Dismissal of Eviction (ECF No. 16) will be denied, and the complaint (ECF No. 8) will be dismissed. An appropriate Order will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Date: 1/11/2024